# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

SELVIN ASAEL PARADA ANDRADE,

       Petitioner,

v.                                        Action No.   2:26cv456

JEFFREY CRAWFORD,
ICA-Farmville Detention Center, et al.,

       Respondents.

## FINAL ORDER

Petitioner Selvin Asael Parada Andrade ("Parada Andrade"), a detainee of United States Immigration and Customs Enforcement ("ICE"), submitted a *pro se* petition pursuant to 28 U.S.C. § 2241 on May 12, 2026, while detained at the Farmville Detention Center in Farmville, Virginia. ECF No. 1.   Parada Andrade alleges that he has been unlawfully detained without a bond hearing and seeks immediate release from ICE custody or a bond hearing.   *Id.* at 6–8.

Federal Respondents ("Respondents") argue that because Parada Andrade was not legally granted entry into the country, he is seeking admission, making 8 U.S.C. § 1225(b)(2) the appropriate statute to apply to his detention.   ECF No. 6, at 1.   For the reasons that follow, the Court will **GRANT the petition in part** and **ORDER** Respondents to hold a bond hearing to determine the lawfulness of Parada Andrade's detention within seven days of this order.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Parada Andrade entered the United States in 2019 when he was 17-years old.   ECF No. 1, at 6–7.   Parada Andrade was taken into civil immigration custody on March 28, 2026, and remains

in custody. *Id.* at 7–8. Parada Andrade has not been convicted of, or arrested for, any crime that requires detention. *Id.* at 6–7, 11.

On May 12, 2026, Parada Andrade submitted a *pro se* petition, pursuant to 28 U.S.C. § 2241, while detained at the Farmville Detention Center in Farmville, Virginia. *Id.* at 1. Parada Andrade alleges that he has been unlawfully detained without a bond hearing. *Id.* at 6.

Federal Respondents filed a notice on June 1, 2026, asserting the factual and legal issues presented in Parada Andrade's petition do not differ in any material fashion from those presented in *Romero v. Crawford*, No. 3:25cv788, 2026 WL 94634 (E.D. Va. Jan. 13, 2026), and *Ceba Cinta v. Noem,* No. 1:25cv1818, 2025 WL 4053171 (E.D. Va. Oct. 29, 2025). ECF No. 6. Specifically, Respondents assert that Parada Andrade's petition and the cited cases concern whether an alien who is present in the United States without admission is properly subject to mandatory detention without the prospect of release on bond during his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b). *Id.* at 1–2. Pursuant to Respondents' request, *id.* at 2, the opposition filed in *Romero v. Crawford*, No. 3:25cv788, ECF No. 10, will be adopted as if filed in this case for appeal purposes. Further, pursuant to the Court's order entered May 26, 2026, the Court will not await further filings from Parada Andrade prior to issuing this final order. ECF No. 4, at 2.

## II.    LEGAL STANDARD

A federal court may grant habeas relief only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)). After receiving the petition and any response, "[t]he court shall summarily hear and determine the

facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

### III.   ANALYSIS

Parada Andrade argues that he has been denied a bond hearing and he requests release or a "fair bond hearing." ECF No. 1, at 6, 8. Respondents argue that Parada Andrade's detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Parada Andrade is detained under 8 U.S.C. § 1225(b)(2)(A) and not 8 U.S.C. § 1226(a). *Romero v. Crawford*, No. 3:25cv788, ECF No. 10, at 5–25. Respondents also argue that because Parada Andrade was not legally granted entry into the country, he is still "seeking admission," making section 1225(b)(2)(A) the appropriate statute to apply to his detention. *Id.*

As a threshold matter, this Court has jurisdiction to consider Parada Andrade's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Parada Andrade's detention. *See Quispe v. Crawford*, No. 1:25cv1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

The ultimate issue is whether Parada Andrade is subject to mandatory detention under 8 U.S.C. § 1225(b) or is subject to discretionary detention under 8 U.S.C. § 1226(a) and entitled to a bond hearing to determine whether he should be released during the duration of his removal proceedings. Section 1225(a) of the INA provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2) provides

that if an immigration officer "determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." *Id.* § 1225(b)(2)(A) (emphasis added). Section 1226, titled "[a]pprehension and detention of aliens," provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a). Pending the removal decision, the Attorney General may "continue to detain the arrested alien," "release the alien on . . . bond of at least $1,500," or "release the alien on [a] conditional parole." *Id.* § 1226(a)(1)–(2). Individuals subject to detention under section 1226(a) are entitled to a bond hearing.

Respondents' argument—that 8 U.S.C. § 1225(b)(2)(A) provides for mandatory detention for all inadmissible noncitizens unlawfully present in the United States, including noncitizens like Parada Andrade who have lived here—has been rejected by numerous decisions both in this district and other courts across the country. *See Velasquez v. Noem*, No. 3:25cv998, 2026 WL 279226, at *4 n.14 (E.D. Va. Feb. 3, 2026) (collecting 30 cases in this district rejecting respondents' argument); *Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044, at *4 (2d Cir. Apr. 28, 2026) (noting that, as of mid-February 2026, "over 370 district judges across the Nation [over 90%] . . . have also rejected the government's position").[1] This case is not factually distinguishable such that it would require a different outcome. As the Second Circuit thoroughly explained in a recent decision in *Cunha v. Freden*,

---

[1] The Fifth Circuit and Eighth Circuit have accepted respondents' arguments. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 507–08 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1135–36 (8th Cir. 2026). These decisions are not binding and the Court is unpersuaded by the reasoning for the reasons explained in *Cunha*, 2026 WL 1146044, at *4–23, and Judge Douglas' dissent in *Buenrostro-Mendez*, 166 F.4th at 508–21.

4

> based on the plain language of Section 1225 and Section 1226, . . . Petitioner's detention is governed by Section 1226 and . . . he is entitled to a bond hearing. That determination is reinforced by the statutory context, structure, history, and purpose, as well as the nearly three decades of Executive Branch practice enforcing the immigration laws with that understanding and the accompanying congressional silence in light of that practice.

*Cunha*, 2026 WL 1146044, at *3; *see also Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden*, Nos. 25-14065, 25-14075, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026).

Parada Andrade alleges—and respondents do not expressly dispute—that he has been living in the United States and has not been convicted for a crime that requires detention. ECF No. 1, at 6–7. Like the petitioner in *Cunha*, Parada Andrade is an applicant for admission pursuant to the definition provided in 8 U.S.C. § 1225(a)(1), as he is present in the United States without being admitted. Parada Andrade is not, however, seeking admission under 8 U.S.C. § 1225(b)(2). Rather, he is a noncitizen "detained pending a decision on whether [he] is to be removed from the United States" under 8 U.S.C. § 1226(a). As the Supreme Court stated in *Jennings v. Rodriguez*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." 583 U.S. 281, 288–89 (2018).

Thus, as Parada Andrade was living in the United States, he falls into the category of "aliens already in the country" subject to the discretionary detention provisions in section 1226(a), not section 1225(b)(2)(A)'s mandatory detention procedures. *Cunha*, 2026 WL 1146044, at *3–21; *Velasquez*, 2026 WL 279226, at *6–7. Further, Parada Andrade's continued detention absent a bond hearing violates his due process rights. *Cunha*, 2026 WL 1146044, at *21–23.

Because Parada Andrade has never had a bond hearing before an immigration judge at which he was considered for discretionary detention, a bond hearing, rather than immediate release, is the appropriate remedy.

## IV.   CONCLUSION

For all of the reasons above, the petition, ECF No. 1, is **GRANTED in part**, and it is hereby **ORDERED** that:

- Parada Andrade be provided with a constitutionally adequate bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order;

- Respondents are **ENJOINED** from denying bond to Parada Andrade on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

- in the event Parada Andrade is released on bond by an Immigration Judge, Respondents are **ENJOINED** from rearresting Parada Andrade, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that Parada Andrade is detained under section 1225(b)(2);

- Respondents shall file a status report on the status of Parada Andrade's bond hearing within three days of the bond hearing.   The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial; and

- The portion of the order entered May 26, 2026, ECF No. 4, directing that Parada Andrade is not to be removed from this district without this Court's permission is **VACATED**.

To the extent that the petition seeks immediate release, the petition is **DENIED**.

The Clerk is directed to forward a copy of this order to Parada Andrade and counsel for Respondents.

_____
Arenda L. Wright Allen
Senior United States District Judge

Norfolk, Virginia
June 3, 2026

7